FILED
2007 SEP 25 AM 9: 10
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO ROBINSON<br><br>Plaintiff,<br><br>v.<br><br>JOHN BROHOS,<br><br>Defendant. | CASE NO: 07-CV-0875 W (NLS)<br><br>ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. NO. 2] (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 3] AND (3) DISMISSING COMPLAINT WITHOUT PREJUDICE |

Pending before the Court are Plaintiff Faustino Robinson's motions to proceed in forma pauperis ("IFP"), and for appointment of counsel. For the reasons outlined below, the Court **GRANTS** the motion to proceed IFP, and **DENIES** the motion for appointment of counsel. Additionally, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint for failure to state a claim.

I.   <u>Motion to Proceed IFP.</u>

All parties instituting a federal district court civil action, suit or proceeding must pay a filing fee. 28 U.S.C. § 1914(a). A plaintiff, however, may be relieved of the filing-fee obligation if granted leave to proceed IFP under 28 U.S.C. § 1915(a).

The determination of whether a plaintiff is indigent, and thus unable to pay the filing fee falls within the district court's discretion. <u>California Men's Colony v. Rowland</u>, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." <u>Id.</u> at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

Having read and considered the papers submitted, the Court finds that Plaintiff has demonstrated that he is unable to pay the fees or post securities required to maintain this action. According to his declaration, Plaintiff does not have a sufficient income to support himself, and thus receives support from San Diego REACH, which provides services to homeless and mentally ill adults in San Diego. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

II. <u>Motion for Appointment of Counsel.</u>

There is generally no constitutional right to counsel in a civil case. <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986). However, courts have discretion to request volunteer counsel for indigent plaintiffs under exceptional circumstances. 28 U.S.C. § 1915(e); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990). While courts may request volunteer counsel in exceptional cases, it

has no power to make a mandatory appointment. <u>Mallard v. United States District Court for Southern District</u>, 490 U.S. 296, 301-308 (1989).

To determine whether exceptional circumstances exist, courts evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claim *pro se* in light of the complexity of the legal issues. <u>Richards v. Harper</u>, 864 F.2d 85, 87 (9th Cir. 1988); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). However, neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." <u>Willborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, the likelihood of success appears to be minimal. As discussed below, Plaintiff does not appear to state a cognizable claim in his Complaint, so it is highly doubtful that he will receive the relief he seeks. Because Plaintiff has failed to state a cognizable claim, the Court cannot conclude that the issues in the litigation are sufficiently complex to justify appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

III.  <u>Review of the Complaint.</u>

When a complaint is written by a <u>pro se</u> litigant, as here, pleading rules are relaxed and the complaint is held to a less stringent standard. <u>Karim-Panahi v. Los Angeles Police Dep't.</u>, 839 F.2d 621, 623 (9th Cir. 1988); <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987). It is equally settled, however, that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." <u>Wong v. Bell</u>, 642 F.2d 359, 361 (9th Cir. 1981); <u>Sparling v. Hoffman Const. Co., Inc.</u>, 864 F.2d 635, 638 (9th Cir. 1988); <u>Barsella v. United States</u>, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (policy requiring courts to liberally construe <u>pro se</u> complaints "does not mandate that a court sustain every <u>pro se</u> complaint even if it is incoherent, rambling, and unreadable").

In addition, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule also requires that each claim be "simple, concise, and direct." Fed. R. Civ. P. 8(e)(2). These rules ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. <u>Jones v. Community Redevelopment Agency of City of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir. 1984). Where a complaint contains nothing more than conclusory allegations, unsupported by facts, it fails to comply with Rule 8. <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).

The Court finds that the Complaint fails to state a claim upon which relief can be granted and also fails to provide adequate notice to Defendant under Rule 8. Plaintiff alleges that "on a court day I won the case and they were going to pay me social security and give me the medical card, but the judge named John Brahos from Immigration denies for me to get social security." (Compl., p.2.) While not entirely clear, it appears that Plaintiff is asserting that alleged Immigration Judge Brahos found (presumably during an immigration proceeding) that Plaintiff is in the country illegally. This, in turn, apparently resulted in the denial of Plaintiff's request for social security benefits and a medical card. Assuming the truth of all the allegations, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

Aside from failing to state the elements of any legal claim, the Complaint provides little notice about what Defendant is alleged to have done wrong, or the reasons Plaintiff is entitled to the $10 million in damages sought. The Court, therefore, also finds that dismissal is warranted for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 8; <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (rule requiring each averment of a pleading to be simple and concise applies to all claims and may be basis for dismissal independent of whether pleadings are subject to dismissal for failure to state a

claim); <u>Barsella v. United States</u>, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (policy requiring courts to liberally construe pro se complaints "does not mandate that a court sustain every pro se complaint even if it is incoherent, rambling, and unreadable.").

## IV. Conclusion.

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP [Doc. No. 2], and **DENIES** the motion for appointment of counsel [Doc. No. 3]. Additionally, the Court **DISMISSES** this action without prejudice and with leave to amend. Should Plaintiff wish to resume this litigation, Plaintiff must file and serve a First Amended Complaint no later than <u>**October 22, 2007**</u>.

Plaintiff is specifically advised that his amended pleading must detail who did what to whom, when and where such conduct occurred and how such conduct allegedly violates federal or state law. Conclusory allegations unsupported by specific allegations of fact are insufficient to properly comply with the Federal Rules of Civil Procedure. Any failure to properly comply with the Court's instructions herein may result in the termination of this case with prejudice and without further leave to amend.

**IT IS SO ORDERED.**

DATE: September 20, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California